UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-06017-SVW-AFM | Date | August 22, 2018 |
|---|---|---|---|
| Title | *Mario Ruiz et al v. Shamrock Foods Company* | | |

JS-6

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|
| Paul M. Cruz | N/A |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** IN CHAMBERS ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [27] AND MOOTING PLAINTIFFS' MOTION TO CERTIFY CLASS [25]

### I. Introduction

Plaintiffs Mario Ruiz, Raul Guerrero and Robert Torres (collectively "Plaintiffs"), commercial drivers who were employed by Shamrock Foods Company ("Defendant") in California, have filed a class action lawsuit, alleging on their behalf and the putative class, a single claim for a procedural violation of the disclosure requirements under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681b(b)(2)(A)(i). Defendant moved for summary judgment for two reasons: (1) Plaintiffs' individual claims are barred by the statute of limitations and (2) Plaintiffs cannot establish Article III standing. The Court GRANTS Defendant's motion, which moots Plaintiffs' motion to certify the class.

### II. Background

Shamrock is a business that specializes in the manufacture and distribution of food and food-related products. Shamrock is headquartered in Arizona and employs workers in, among other states, California. During Plaintiffs' employment, Shamrock regularly required that, after making a conditional offer of employment, applicants complete disclosure and authorization forms for third-party vendors to

| | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-06017-SVW-AFM | Date | August 22, 2018 |
|---|---|---|---|
| Title | *Mario Ruiz et al v. Shamrock Foods Company* | | |

complete background checks. Deposition of Randall Beyries ("Beyries Depo") 24:16-22.

From approximately 2012 to early 2015, Shamrock contracted with the company JobApp, and its successor-in-interest, talentReef (collectively "JobApp"), to design and manage an integrated job application system, including the pre-screening authorization forms that Shamrock provided to applicants and employees. Declaration of Randal Beyries ("Beyries Dec") ¶ 5. JobApp specially designed an application form for driver applicants to seek categories of information required for compliance with U.S. Department of Transportation ("DOT") regulations concerning the employment of commercial drivers.

The integrated JobApp application system included a separate disclosure and authorization form that applicants signed as a condition for third-party company, Credential Check Corporation ("Credential Check"), to complete background checks on applicants. Beyries Dec, ¶ 8; Beyries Depo, 24:16-25:06. Prior to engaging Credential Check, Shamrock had used Martech, Inc. ("Martech"). Beyries Dec. at ¶ 10.

Two of the named Plaintiffs, Robert Torres ("Torres") and Raul Guerrero ("Guerrero"), completed job applications through JobApp and were subject to background checks completed by Credential Check. These background checks occurred pursuant to its disclosure and authorization forms they signed. Beyries Dec. ¶ 9; Deposition of Robert Torres ("Torres Depo") 38:16-39:05, Ex. 16; Deposition of Raul Guerrero ("Guerrero Depo") 55:7-10. Plaintiff Mario Ruiz ("Ruiz") was hired by Shamrock before the Company began engaging JobApp and Credential Check and completed a disclosure and authorization form for Martech to conduct a background check. Beyries Dec, ¶ 10.

*Facts Regarding Named Plaintiff Ruiz*

On June 29, 2011, Plaintiff Ruiz completed a job application for a delivery driver position with Shamrock. Deposition of Mario Ruiz ("Ruiz Depo"), 23:01-07, Ex. 10. The last page of the application included a disclosure that the applicant's previous employers would be contacted for the purpose of evaluating the applicant's safety performance history. This research which was done by Shamrock's staffing personnel pursuant to regulations applicable to commercial drivers ("Internal Employment Verification"). Beyries Dec, ¶ 10; see 49 CFR § 391.23(c)(2). The last page of the application also

| | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-06017-SVW-AFM | Date | August 22, 2018 |
|---|---|---|---|
| Title | *Mario Ruiz et al v. Shamrock Foods Company* | | |

included an authorization for Shamrock—not a third party—to retrieve the driver applicant's motor vehicle record, as required under these federal regulations ("Internal MVR Check"). Beyries Dec., ¶10; see 49 CFR § 391.23(a)(1).

Ruiz states that the basis of the violation is the Internal MVR Check and Internal Employment Verification – the last page of the driver application that he completed on June 29, 2011. Ruiz Depo, 24:07-25:02; Ex. 10. Ruiz claims that he did not understand the entire last page of his driver application; however, he is unable to articulate what, if any, language is confusing or that he did not understand. Ruiz Depo, 25:08-26:22. Ruiz does not identify any other document or information that forms the basis of his FCRA claim except the Internal MVR Check and Internal Employment Verification. Ruiz Depo, 27:07-30:06.

Ruiz also affirmatively stated at deposition that he was not confused by the relevant form. Ruiz Depo, 58:25-59:05, Ex. 11. Ruiz affirms that he read the Martech form in its entirety on July 18, 2011 when he began working for Shamrock, and he knew that Martech would be procuring a background check for employment purposes. Ruiz Depo, 58:25-59:05, Ex. 11. Pursuant to the signed disclosure and authorization, Martech completed a background report concerning Ruiz on July 22, 2011. Ruiz Depo, 55:05-56:02; Beyries Dec, ¶ 11. Martech did not complete any other additional background checks concerning Ruiz. Ruiz Depo, 55:24-56:02; Beyries Dec, ¶ 11. Ruiz's employment began on August 8, 2011 and he left Shamrock on November 4, 2016. Beyries Dec., ¶ 4.

*Facts Regarding Named Plaintiff Guerrero*

Plaintiff Guerrero filled out Shamrock's JobApp employment application for driver applicants including an "Employment Record" form on February 18, 2014. Guerrero Depo, 44:11-21, Ex. 6. The basis of Guerrero's FCRA claim is that the Employment Record form incorporated into the driver application contained a liability waiver that released third parties (such as his prior employers) to the extent they provided information to Shamrock. Guerrero Depo, 48:08-49:02. 51:09-52:06, Ex. 8. That Employment Record, however, was relied upon by Shamrock for internal purposes in conducting employment verification of driver applicants, not for Credential Check to obtain a consumer report. Beyries Dec, ¶¶ 6 and 7. In any case, Guerrero testified that he did not review any of the relevant language on the form when he signed that document. Guerrero Depo, 49:23-50:07, Ex. 8.

:

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-06017-SVW-AFM | Date | August 22, 2018 |
|---|---|---|---|
| Title | *Mario Ruiz et al v. Shamrock Foods Company* | | |

Similar to the manner in which he completed the Employment Record form, Guerrero did not read the Credential Check disclosure and authorization form that he signed on February 18, 2014. Guerrero Depo, 55:07-58:07, Ex. 9. In completing that form, he stated that spent just as much time as necessary to fill out portions on the first page and click boxes. Guerrero Depo, 56:04-11. Guerrero stated that he was aware that his employment with Shamrock was subject to a background check. Guerrero Depo, 47:02-13. Shamrock obtained from Credential Check background reports concerning Guerrero on March 14, 2014 and June 26, 2014. Beyries Dec, ¶ 9. Guerrero's employment began on March 24, 2014 and he separated on August 26, 2016. Id. at ¶ 4.

*Facts Regarding Named Plaintiff Torres*

Plaintiff Torres completed Shamrock's driver job application on August 2, 2012. Torres Depo, 17:06-21:09, Ex. 13. The application was similar to the forms completed by Guerrero and was used for internal purposes for Shamrock to evaluate driver applicants. Beyries Dec, ¶ 7; Guerrero Depo, Ex. 6. Torres states that the basis for his FCRA claim is the language contained on the signature page of his employment application, which is different from the applications completed by both Ruiz and Guerrero. Torres Depo 25:05-21; 26:01-02, Ex. 13. Specifically, Torres claims that the middle paragraph on page eight of the driver application, the signature page, was confusing and that it violates the law. Torres Depo, 21:03-19. However, he does not know what law Shamrock is allegedly violating and is unable to explain why the language is problematic or confusing. Torres Depo, 26:12-25. Notably, the employment application was not relied upon for any consumer reporting agency to conduct a background check. Beyries Dec, ¶ 12.

Shamrock retained in its files a disclosure and authorization form that was electronically signed by Torres on August 2, 2012, expressly authorizing Credential Check to conduct a background report. Beyries Depo, 24:16-25:06, 32:25-33:06. However, when shown the disclosure and authorization form in deposition, Torres testified that he does not recall reviewing or even completing that form. Torres Depo, 38:16-39:05, Ex. 16. Torres' employment began on November 12, 2012 and he separated on November 3, 2016. Beyries Dec, ¶ 4.

*Procedural Background*

| | : |
|---|---|
| | Initials of Preparer |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-06017-SVW-AFM | Date | August 22, 2018 |
| Title | *Mario Ruiz et al v. Shamrock Foods Company* | | |

On August 14, 2017, Plaintiffs filed a one-count class action Complaint alleging that Shamrock violated the FCRA. Since then, the parties have engaged in written discovery and conducted deposition of key witnesses. Plaintiffs filed their Motion of Class Certification on March 1, 2018. Dkt. 25. Defendant filed a Motion for Summary Judgment on March 19, 2017. The Court considers the Motion for Summary Judgment first.

### III. **Legal Standard**

Summary judgment is proper where, viewing the evidence and inferences in favor of the nonmoving party, "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Material facts are those that may affect the outcome of the suit under governing law, and an issue of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. When a plaintiff fails to provide evidence of an essential element for a claim that plaintiff bears the burden of proving at trial, summary judgment for the defendant is appropriate. *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806 (1999).

Without individual standing to raise a legal claim, a named representative does not have the requisite typicality to raise the same claim on behalf of a class. *Piazza v. Ebsco Indus., Inc.*, 273 F.3d 1341, 1347 (11th Cir. 2001).

### IV. **Analysis**

    a. *Plaintiffs' Lack Standing*

Plaintiffs have failed to demonstrate that they suffered a concrete injury sufficient to satisfy Article III standing requirements. Standing to sue is a doctrine "rooted in the traditional understanding of a case or controversy." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). This doctrine limits the group of litigants allowed to maintain a lawsuit in federal court to seek redress for a legal wrong. *Valley Forge Christian Coll. v. Am. United for Separation of Church and State, Inc.*, 454 U.S. 464, 472-73

                                                                                                                   :

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-06017-SVW-AFM | Date | August 22, 2018 |
|---|---|---|---|
| Title | *Mario Ruiz et al v. Shamrock Foods Company* | | |

(1982). The point of inquiring into standing is to ensure that parties have a "personal stake" in the outcome. *Id*. at 491.

A plaintiff does not "automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Spokeo* at 1547. Rather, a plaintiff bears the burden of proving at a minimum that he or she has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id*; *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

This case turns on the first of the three elements, whether Plaintiffs have suffered an injury in fact, which requires evidence of an injury that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Lujan,* 504 U.S. at 560 (citations omitted). For an injury to be "particularized," it must affect the plaintiff in a personal and individual way." *Spokeo,* 136 S. Ct. at 1548 (internal citation omitted). For an injury to be "concrete," it "must be 'de facto'; that is, it must actually exist." *Id*.

To the extent that Plaintiffs claim that the disclosure and authorization forms did not technically comply with the requirements of the FCRA, this is the type of bare procedural violation that the Supreme Court described in *Spokeo* as insufficient. 136 S. Ct. at 1540. The Supreme Court noted that "Article III standing requires a concrete injury." *Id*. To establish such an injury, the plaintiff must allege a statutory violation that caused him to suffer some harm that "actually exist[s]" in the world; there must be an injury that is "real" and not "abstract" or merely "procedural." *Spokeo* at 1548-49. Thus, even when a statute has allegedly been violated, Article III requires such violation to have caused some real— as opposed to purely legal—harm to the plaintiff.

A plaintiff cannot satisfy the demands of Article III by alleging a bare procedural violation because "a violation of one of the FCRA's procedural requirements may result in no harm." *Spokeo*, supra, at 1550. For example, even if a consumer reporting agency fails to provide the required notice to a user of the agency's consumer information, that information regardless may be entirely accurate. *Id*. In addition, not all inaccuracies cause harm or present any material risk of harm. *Id*.

:

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-06017-SVW-AFM | Date | August 22, 2018 |
|---|---|---|---|
| Title | *Mario Ruiz et al v. Shamrock Foods Company* | | |

In *Syed v. M-I*, 853 F.3d 492, 499 (9th Cir. 2017), the Ninth Circuit acknowledged *Spokeo* and affirmed the principle that procedural violations may not result in a concrete injury; nevertheless, the Ninth Circuit held that certain pleadings could survive a motion to dismiss if the Court could infer a concrete injury from the pleadings. Importantly, *Syed* did not actually alter *Spokeo*'s controlling law on standing: inaccuracies that cause no harm or present no material risk of harm do not confer.

*Syed* also addressed the standing issue at the pleading stage "drawing all reasonable inferences in favor of the Plaintiff." 853 F.3d at 499. The Ninth Circuit explained that it had sufficient facts there to infer that the plaintiff was "confused by the inclusion of the liability waiver with the disclosure and would not have signed it had it contained a sufficiently clear disclosure, as required in the statute." *Id*. at 499-500. As a result, the plaintiff—for purposes of a motion to dismiss—had alleged an injury in fact. *Id*. at 500.[1] But *Syed* included a significant footnote in which the Court noted that although the plaintiff's allegations must be taken as true for purpose of a motion to dismiss, "what suffices at the Rule 12(b)(6) stage may not suffice at the later stages of the proceedings when the facts are tested."[2] *Id*.

---

[1] A majority of courts that have reviewed these types of FCRA disclosure claims post-*Spokeo* and *Syed* have found that plaintiffs alleging a bare procedural violation of the stand-alone disclosure requirement under FCRA, without more, lack standing to pursue their claims. *See, e.g., Bercut v. Michaels Stores, Inc.*, No. 17-cv-01830, 2017 U.S. Dist. LEXIS 101373, at *12 (N.D. Cal. June 29, 2017) (finding no basis to infer harm from complaint based on the lack of any allegation that plaintiff was confused by the disclosure, that she would not have signed the authorization had it been presented in the FCRA-compliant format, or that she was otherwise concretely harmed by the stand-alone disclosure violation); *Chism v. Frito-Lay*, Inc., 17-cv-00152, 2017 U.S. Dist. LEXIS 176875, at *3 (N.D. Cal. June 19, 2017) (holding that allegations of a deficient employer certification under FCRA alone does not give rise to standing under *Spokeo*).

Plaintiffs contend that the district court in *Bercut* "wrongly interprets *Syed* as requiring a plaintiff to allege 'actual harm' or confusion." Plaintiffs' Opp. MPA, 20:10-11. But *Syed* recognized that a bare procedural violation is inadequate to satisfy Article III standing, and the ultimate issue supporting the existence of a concrete harm was whether the plaintiff "was confused by the inclusion of the liability waiver with the disclosure and would not have signed it had it contained a sufficiently clear disclosure…." 853 F.3d at 499.

Furthermore, following *Syed*, courts have held that "for a [FCRA disclosure] violation to become a concrete 'informational injury,' the plaintiff must allege that because of the FCRA violation, he was 'not aware' that he was signing an authorization to a credit check." *Machioli v. Pre-Employment.com*, No. 16-2305-JGB, 2017 U.S. Dist. LEXIS 217648, at *23 (C.D. Cal. June 30, 2017). In considering the defendants' motion to dismiss, the court held that the plaintiff failed to allege that the FCRA disclosure violation "deprived him of the ability to understand his rights or meaningfully authorize the procurement of a credit report on him. As such, Plaintiff fails to adequately allege a plausible nexus between [defendant's] alleged violation of its disclosure and authorization requirements and the Plaintiff's asserted informational injury." *Id*.

[2] In *Groshek v. Time Warner Cable, Inc.*, the Seventh Circuit distinguished *Syed*, explaining the Ninth Circuit had facts in

: 
———————
Initials of Preparer
PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-06017-SVW-AFM | Date | August 22, 2018 |
|---|---|---|---|
| Title | *Mario Ruiz et al v. Shamrock Foods Company* | | |

at n. 4. This Court is at that later stage now.

      Here, at summary judgment—and after discovery, Plaintiffs cannot assert that they were confused by the disclosure and authorization form or that they were otherwise concretely harmed by the alleged stand-alone disclosure violation. Ruiz testified that there was no portion of the Martech disclosure and authorization he signed that he did not understand. Ruiz Depo, 57:09-59:04, Ex. 11; SUF No. 9. Both Guerrero and Torres did not even review the disclosure language in the Credential Check form before signing. Guerrero Depo, 56:09-11, 58:03-07, Ex. 9; Torres Depo, 38:16-39:05, Ex. 16; SUF Nos. 10 and 11. In addition, not only did Plaintiffs lack any confusion about the disclosure and authorization forms, Plaintiffs were fully aware that background checks were being procured. Torres Depo, 23:13-15, Ex. 15; Guerrero Depo, 46:15-47:01, 47:10-13, Ex. 7; SUF Nos. 4, 5 and 8.

      Unlike *Syed*, Plaintiffs lack facts to allow the Court to make an inference that they were confused by the inclusion of a liability waiver with the disclosure or would not have signed the authorization form had it contained a sufficiently clear disclosure. *Marchioli v. Pre-Employ.com*, EDCV 16-2305 JGB (DTBx), 2017 U.S. Dist. LEXIS 217648, at *22-23 (C.D. Cal. June 30, 2017) (dismissing plaintiff's FCRA claim and distinguishing *Syed* because plaintiff failed to allege that technical violations of Section 1681b deprived him of the ability to understand his rights or meaningfully authorize the procurement of a credit report on him, and therefore failed to adequately allege a plausible nexus between the alleged violation of disclosure and authorization requirements and plaintiff's asserted informational injury).

      Plaintiffs argue in their opposition that the inclusion of Credential Check's FCRA Disclosure Form in Shamrock's online job application system violated FCRA's requirement that the disclosure form be a stand-alone document. But Plaintiffs provide no evidence that this online application system created any sort of confusion other than by incorporating multiple documents. In fact, courts have held that a FCRA Disclosure Form that is listed on separate screens or in different tabs of an online

---

*Syed* from which it could infer harm. 865 F.3d 884, 889 (7th Cir. 2017). In contrast, the plaintiff in *Groshek* presented no factual allegations at the pleading stage plausibly suggesting that he was confused by the disclosure form or the form's inclusion of a liability release, or that he would not have signed it had the disclosure form complied with 15 U.S.C. § 1681b(b)(2)(A)(i). Id. As a result, the Seventh Circuit held that the plaintiff did not plead an injury-in-fact sufficient to confer Article III standing and upheld the district court's decision to dismiss the case. *Id.*

                                                                                      :

Initials of Preparer      PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-06017-SVW-AFM | Date | August 22, 2018 |
|---|---|---|---|
| Title | *Mario Ruiz et al v. Shamrock Foods Company* | | |

employment application is considered a single document that is not inherently confusing. In *Newton v. Bank of America*, No. 2;14-03714-CBM, 2015 U.S. Dist. LEXIS 62930, at *20 (C.D. Cal. May 12, 2015), the plaintiff similarly claimed that the FCRA Disclosure Form was not a clear and conspicuous document consisting solely of the disclosure because the employer sought the applicants' authorization during its online job application process through a "convoluted, electronic book" of many pages. The court rejected the plaintiff's argument concluding that the FCRA does not prohibit an employer from providing a FCRA Disclosure Form "as part of the employer's job application process" or "at the same time the employer provides other employment documents." *Id*., at * 21; *see also Goldberg v. Uber Techs.*, No. 14-CV-14264-RGS, 2015 U.S. Dist. LEXIS 44675, at *5-6 (D. Mass. Apr. 6, 2015).

Plaintiffs also provided declarations with their Opposition, attempting to create a genuine dispute of material fact. The declarations contained the same exact statement claiming that Plaintiffs were confused by Shamrock's job application, with the same typographical error: "When I was (sic) filled out my employment application to work for the Defendant, it contained multiple pages and multiple authorization forms. As a result, I was confused about exactly what I was signing and what I was providing authorization for." Torres Dec., ¶ 4; Ruiz Dec., ¶ 4; Guerrero Dec., ¶ 4. The only evidence showing any possibility of confusion directly contradicts the deposition testimony of all three Plaintiffs.[3] These declarations lack evidentiary value because the assertions regarding confusion are vaguely worded, lack necessary foundation, and are speculative.[4] The declarations do not explain what aspect of the "employment application" they found confusing or whether they are referring to the job application form, the entire online application process, or something else. The ambiguity over what confusion Plaintiffs purportedly experienced is further compounded by Plaintiffs' Opposition hedging that such confusion was "***likely*** caused by Defendant's use of multiple forms and multiple questions…."

---

[3] Ruiz also went through an entirely different process because he was hired before Torres and Guerrero; it is unlikely that he would have the same experience as Torres and Guerrero.

[4] Furthermore, the Court finds that these affidavits fall under the sham affidavit rule. To strike an affidavit under the "sham affidavit" rule, the "inconsistency between a party's deposition testimony and subsequent affidavit must be clear and unambiguous." *Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 998 (9th Cir. 2009). Ruiz also affirmatively stated at deposition that he was not confused by the relevant form. Ruiz Depo, 58:25-59:05, Ex. 11. Guerrero testified that he did not review any of the relevant language on the form when he signed that document. Guerrero Depo, 49:23-50:07, Ex. 8. Torres testified that he did not recall reviewing or even completing the relevant form. Torres Depo, 38:16-39:05, Ex. 16. These statements are not "attempts to explain or clarify deposition testimony" but rather a "blatant attempt to create a sham issue of fact." *Harris v. Del Taco, Inc.*, 396 F. Supp. 2d 1107, 1114 (C.D. Cal. 2005).

:

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-06017-SVW-AFM | Date | August 22, 2018 |
|---|---|---|---|
| Title | *Mario Ruiz et al v. Shamrock Foods Company* | | |

Plaintiffs' Opp. MPA, 22:26-23:02.

In *Syed*, the Court could rely on allegations in the complaint in the context of a motion to dismiss; however, at the summary judgment stage, Plaintiffs must produce evidence demonstrating standing. These Plaintiffs have not. Plaintiffs did not suffer any concrete harm because of the allege FCRA informational violation. Plaintiffs have not shown that they were confused by the third-party liability waiver or would not have signed the FCRA Disclosure Forms had they not contained that waiver language. There is no genuine dispute of material fact concerning whether Plaintiffs have standing to pursue their FCRA claim.[5] The named Plaintiffs lack standing and the Court GRANTS Defendant's Motion for Summary Judgment on standing grounds.[6]

---

[5] Plaintiffs' statement that an "online authorization that included a FCRA authorization form took [Guerrero] 1.5 hours to complete" is unfounded. Plaintiffs' Opp. MPA, 7:01-03. Rather, Guerrero testified that he spent "an hour to an hour and a half" completing the job application itself, and he did not testify that there was an "authorization" within an "authorization." Guerrero Depo, 49:13-50:02. Plaintiffs' Opposition also cites excerpts from Ruiz's deposition taken out of context. Ruiz admitted that the only aspect of his employment application process that he did not understand was language at the very bottom of the job application form. Ruiz Depo, 25:12-26:22.

[6] Even if the Court held that Plaintiffs did have standing to bring their claims, Plaintiffs claims would fail because of another procedural defect: the statute of limitations.

FCRA provides for a hybrid limitations period that is divided between a five-year absolute statute of repose and a two-year "discovery" limitations period within that longer five-year period. Specifically, the relevant section provides: "An action to enforce any liability created under this title may be brought . . . not later than the earlier of – (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs." 15 U.S.C. § 1681p.

For the purpose of the five-year statute of limitations, a violation of section 1681b(b)(2)(A) does not occur until an employer obtains the claimant's consumer report, not when the claimant completes a disclosure and authorization form. *Harris v. Home Depot U.S.A., Inc.*, 114 F. Supp. 3d 868, 869 (N.D. Cal. 2015); *Singleton v. Domino's Pizza*, No. DKC 11-1823, 2012 U.S. Dist. LEXIS 8626, at *37-38 (D. Md. Jan. 25, 2012).

The two-year statute of limitations for an alleged FCRA violation begins when a "reasonably diligent plaintiff would have discovered facts constituting the violation." *Drew v. Equifax Info. Servs.*, 690 F.3d 1100, 1110 (9th Cir. 2012); *Grigoryan v. Experian Info. Solutions*, 84 F. Supp. 3d 1044, 1058 (C.D. Cal. 2014). The term "discovery" here "encompasses not only those facts the plaintiff actually knew, but also those facts a reasonable diligent plaintiff would have known." *Merck v. Reynolds*, 130 S. Ct. 1784, 1795-96 (2010).

More specifically, the two-year statute of limitations period runs from when a claimant discovers the "facts" that give rise to a claim, and not when a claimant discovers that those facts constitute a legal violation. *Mack v. Equable Ascent Fin.*, 748 F.3d 663, 665-66 (5th Cir. 2014) (citing *Merck v. Reynolds*, 559 U.S. 633, 644-648 (2010)). Courts have held that "facts" giving rise to a disclosure form claim under Section 1681b(b)(2)--marking the date that the statute of limitations

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-06017-SVW-AFM | Date | August 22, 2018 |
|---|---|---|---|
| Title | *Mario Ruiz et al v. Shamrock Foods Company* | | |

begins—is the date that a claimant learns that a consumer report was obtained by his or her employer. *See, e.g., Alibris v. ADT*, No. 9:14-CV-81616, 2015 U.S. Dist. LEXIS 114575, at *26-27 (S.D. Fla. Aug. 28, 2015) (statute of limitation for FCRA disclosure claim began to accrue on the date the plaintiff received pre-adverse action notice, and therefore when plaintiff knew or should have known that the defendant had obtained a copy of plaintiff's report).

The cases cited by Plaintiffs in support of their statute of limitations interpretation concern substantive FCRA violations related to inaccurate consumer reports. *See Hyde v. Hibernia*, 861 F.2d 446, 450 (5th Cir. 1988) (explaining that each transmission of an inaccurate credit report is a separate and distinct tort to which a separate statute of limitations applies); *Vasquez v. Bank of Am., N.A.*, No. 15-cv-04072-RS, 2015 U.S. Dist. LEXIS 154682, at *9-10 (N.D. Cal. Nov. 13, 2015) (explaining that plaintiff's FCRA claim is timely because she filed her claim within two years after discovering that employer had reported inaccurate information to a credit reporting agency); *Larson v. Ford Credit*, No. 06-CV01811, 2007 U.S. Dist. LEXIS 47181, at *11-12 (D. Minn. June 28, 2007) ("each re-report of inaccurate information, and each failure to conduct a reasonable investigation in response to a dispute, is a separate FCRA violation subject to its own statute of limitations"). Plaintiffs here do not allege inaccurate consumer reports.

The alleged injuries here would stem entirely from the FRCA Disclosure Forms. Although the FCRA disclosure violation is not perfected until a consumer report is obtained, the Court holds that the disclosure injury is not a continuing violation. Case law addressing other consumer protection statutes recognizes that a disclosure violation is not a continuing violation for statute of limitations purposes. *See Velardo v. Fremont Inv. & Loan*, 298 F. App'x 890, 892 (11th Cir. 2008) (a nondisclosure violation under the Truth in Lending Act occurs when the transaction is consummated, and nondisclosure is not a continuing violation for purposes of the statute of limitations); *King v. California*, 784 F.2d 910, 914 (9th Cir. 1986) (rejecting the continuing violation theory arising from a failure to correct a disclosure violation under the Truth in Lending Act). Generally, "[a] continuing violation is occasioned by continual unlawful acts, not by continual ill effects from an original violation." *Beaver v. Tarsadia Hotels*, No. 11cv1842 DMS (CAB), 2012 U.S. Dist. LEXIS 61448, at *27 (S.D. Cal. May 2, 2012) (Interstate Land Sales Full Disclosure Act) (citing *Ward v. Caulk*, 650 F.2d 1144, 1147 (9th Cir. 1981)).

Plaintiff Ruiz's claim is barred by both the two-year and five-year limitations periods. The five-year repose period begins on the date of the "violation" that is the basis for that liability. 15 U.S.C. § 1681p. A "violation" of Section 1681b(b)(2)(A) is complete when an employer obtains the claimant's consumer report. *Harris*, *supra*, 114 F. Supp. 3d 868 at 869; *Singleton*, *supra*, 2012 U.S. Dist. LEXIS 8626 at *37-38. It is undisputed that, pursuant to the disclosure and authorization he signed, Ruiz's background report was obtained by Shamrock on July 22, 2011. Ruiz Depo, 55:09-56:02; Beyries Dec, ¶ 11; Statement of Undisputed Facts ("SUF"), Nos. 1 and 2. Therefore, because the alleged violation occurred more than five years before this suit was filed on August 14, 2017, his claim is barred under Section 1681p.

Plaintiffs Guerrero's and Torres' claims are barred by the two-year statute of limitations because each knew or should have known of the facts giving rise to a FCRA violation shortly after filling out his application for employment. Torres understood that a background check was being obtained when he received his job offer on September 28, 2012. Torres Depo, 23:13-15, Ex. 15. Additionally, Guerrero knew when he received his job offer from Shamrock on March 5, 2014 that the background check was being completed. Guerrero Depo, 47:10-13, Ex. 7; SUF Nos. 4, 5 and 8. Plaintiffs' offer letters informed them that their offer of employment was conditioned on the results of the background check. Guerrero Depo, 46:15-47:01, Ex. 7; Torres Depo, 23:13-15, Ex. 15.

Here, Plaintiffs were aware by their first day of employment with Shamrock that background reports had issued

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-06017-SVW-AFM | Date | August 22, 2018 |
|---|---|---|---|
| Title | *Mario Ruiz et al v. Shamrock Foods Company* | | |

    b. *Plaintiffs' Request for Additional Discovery And Search For Other Class Representatives*

    Plaintiffs ask that if this Court grants the motion, the Court should provide Plaintiffs additional time to conduct discovery. The federal courts have consistently held that a Rule 56(d) motion for further discovery is properly denied where the moving party has failed to diligently pursue discovery. *California Union Ins. Co. v. American Diversified Sav. Bank*, 914 F.2d 1271, 1278 (9th Cir. 1990). Rule 56 is "not designated to give relief to those who sleep upon their rights." *Id.* This case was filed back in August 2017. Plaintiffs have had ample time to conduct discovery. Standing is a critical aspect of what a plaintiff must prove at trial—and usually before trial as well. Plaintiffs provide no reason why this discovery could not and should not have been conducted at an earlier time. The Court denies the request for further discovery.

    Plaintiffs also ask this Court to allow substitution of class representatives. The Ninth Circuit has held that when a plaintiff lacks constitutional standing to pursue a claim on behalf of a class, the case must be dismissed. *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1023 (9th Cir. 2003); *Moreno v. Autozone, Inc.*, 401 F. App'x 24, 25 (9th Cir. 2010) (vacating certification of class and denying substitution of a new named plaintiff). Plaintiffs and their counsel cannot use discovery, especially when the court lacks subject matter jurisdiction, to identify a substitute class representative. *Reed v. Bowen*, 849 F.2d 1307, 1313-14 (10th Cir. 1988); *see also Falcon v. Phillips Elec. N. Am. Corp.*, 304 F. App'x. 896, 898 (2d Cir. 2008) (affirming district court's denial of plaintiff's motion to reopen discovery to identify a substitute class representative on the ground it is a fishing expedition since plaintiff was on notice that her adequacy as a class representative was contested and "she had ample

---

since their offer letters made clear that their employment was contingent on the result of background checks. SUF Nos. 4 and 8. Even if it were found that Plaintiffs did not have such actual knowledge, they would have constructive knowledge since a reasonably diligent plaintiff would have determined that the background reports were completed, given that disclosure in their offer letters and that they knew they had the right to request a copy of the reports. SUF Nos. 1, 3 and 6; see Merck v. Reynolds, 130 S.Ct. 1784, 1795-96 (2010) (term "discovery" encompasses not only those facts the plaintiff actually knew, but also those facts a reasonable diligent plaintiff would have known").
    Because Plaintiffs knew, or should have known, that Shamrock procured a background check on them more than two years before they filed this lawsuit, their FCRA claim is also barred by the statute of limitations.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-06017-SVW-AFM | Date | August 22, 2018 |
|---|---|---|---|
| Title | *Mario Ruiz et al v. Shamrock Foods Company* | | |

opportunity to identify other plaintiffs to serve as class representatives"). This is particularly true because Plaintiffs filed a motion for class certification before Plaintiffs' Opposition to this motion and was aware that the named Plaintiffs' adequacy would be contested. The Court denies Plaintiffs' request for substitution.

V.     **Conclusion**

The Court GRANTS Defendant's Motion for Summary Judgment because the named Plaintiffs lack standing to pursue the one claim in this case. Thus, Plaintiffs' Motion for Class Certification is MOOT.

Initials of Preparer

PMC